**UNITED STATES of America, Plaintiff,**

v.

**Calvin TAYLOR.**

**No. 3:93CR758.**

United States District Court,
N.D. Ohio,
Western Division.

Aug. 30, 1994.

and fall are not enough; court rejects theory about uneven evaporation of oil patch as indica-

Joseph R. Wilson, Drug Task Force Unit, Toledo, OH, for plaintiff.

John F. Potts, Toledo, OH, for defendant.

### MEMORANDUM AND ORDER

CARR, District Judge.

The defendant Taylor seeks to suppress a recording of a telephone conversation which the government contends was made with consent of the other participant in the conversation. For the reasons that follow, the motion shall be overruled.

Officer Arthur J. Barnhouse of the Broward County, Florida, Sheriff's Department testified that in October, 1990, James Henry Smith was arrested after he had attempted to purchase a large quantity of cocaine. After his arrest, Smith was asked if he would cooperate with the authorities. He agreed to do so.

Smith agreed to make and permit the recording of a call to the person who had sent him to Florida to purchase the cocaine. That call, which was placed to the defendant Taylor, occurred on October 23, 1990. The phone jack and recorder were installed in Smith's presence, and Smith agreed to make the call.

The defendant appears to be contending that Smith never consented: i.e., that Officer Barnhouse's testimony that Smith did so is untrue. To that end, the defendant recites a passage from a treatise, of which I am the author, in which I endorse the principle that, as a general rule, the government should call the consenting party to testify in support of its contention that consent was given volun-

tive of constructive notice).

tarily. Carr, *The Law of Electronic Surveillance*, 3–113 (2d ed. 1985).

In this case, the government has adequately explained its failure to produce the informant—namely, that he died between the date of the telephone conversation and the suppression hearing. The informant's absence, accordingly, is a neutral factor, and does not affect the assessment of the government's other evidence on the issue of consent.

As a practical matter, determining whether consent was given, and if so, whether it was voluntary, is simply a matter of assessing Officer Barnhouse's credibility. His account, if accepted as true, contains sufficient information to enable me to conclude that consent was given, and that it was voluntary. I recall not only his testimony, but, as well, his demeanor, and I find that he was testifying truthfully and honestly.

I note that Officer Barnhouse has no reason not to be truthful. He has no interest in the outcome of this prosecution. This is in no way "his" case: he was simply a witness with regard to one event and conversation. His lack of interest—aside from willingly assisting fellow law enforcement officials—enhances the favorable impression about his credibility that I gained when he testified before me.

I conclude, accordingly, that the government has met its burden of proving that Smith consented to the overhearing and recording[1] of his phone conversation with the defendant Taylor. It is, therefore,

---

1. The defendant argues that there is a difference between consenting to overhearing and consenting to recording, and argues that a consenting party's consent must be shown to extend to both listening and recording. I disagree: once the government has been allowed to become privy to the contents of the defendant's conversation, no greater incursion into his privacy occurs simply because the government chooses to record the conversation. Recording serves all concerned, including the court and the defendant, by increasing the likelihood that the evidence that ultimately is presented to the jury is as accurate as possible, and is unaffected by the vagaries of recollection, bias, untruthfulness, or interest in the outcome.

ORDERED THAT the motion of the defendant to suppress be, and the same hereby is denied.

So ordered.

The only foreseeable circumstance in which the defendant's argument might have merit would arise where the consenting party conditioned his or her consent on the government not recording the conversation. If the government disregarded such condition, and recorded the conversation, a question might then arise about the admissibility of the recording. That is not the case here, and I know of no case where that issue has arisen.

I conclude, accordingly, that there is no basis for excluding the recording. The government met its burden of proving that consent was given, and that it was voluntary. The burden of showing that the consent was to any degree limited would properly be on the defendant. That burden was not met in this case.